ELLIOT ENOKI
United States Attorney
District of Hawaii

OMER G. POIRIER
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 6 2001

at 4 o'clock and 02 min P M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 00-00350 DAE |
| Plaintiff, | SECOND SUPERSEDING INDICTMENT |
| vs. | [18 U.S.C. §§ 152(1), 152(2), 152(3), 152(5), 152(7), 371, 982, 1005, 1343, 1344, 1952(2), 1956(h), 1957] |
| SUKAMTO SIA,        (01)<br>  aka Sukarman Sukamto,<br>SUWARDI SUKAMTO,    (02)<br>SUMITRO SUKAMTO,    (03)<br>KHEE POW YONG,      (04)<br>KELLY RANDALL,      (05)<br>JOHANNES SJAH,      (06) | |
| Defendants. | |

## SECOND SUPERSEDING INDICTMENT

### Count 1 (Conspiracy to Commit Bankruptcy Fraud)

The Grand Jury charges:

1.   From in or around November 1999 to the present, in the District of Hawaii, Defendants SUKAMTO SIA, aka Sukarman Sukamto, SUWARDI SUKAMTO, SUMITRO SUKAMTO, KHEE POW YONG, KELLY RANDALL, and JOHANNES SJAH did knowingly and intentionally combine, confederate, and agree together and with various other persons known and unknown to the Grand Jury to:

a.    knowingly and fraudulently conceal from the creditors and the trustee property belonging to the estate of Sukamto Sia in violation of Title 18 United States Code, Section 152(1);

b.    knowingly and fraudulently make false oaths and accounts in and in relation to a case under Title 11, <u>IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO</u>, Bankruptcy Court Case No. 98-04912 in violation of Title 18 United States Code, Section 152(2);

c.    knowingly and fraudulently make false declarations, certificates, verifications, and statements under penalty of perjury as permitted under Section 1746 of Title 28 in and in relation to a case under Title 11, <u>IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO</u>, Bankruptcy Court Case No. 98-04912 in violation of Title 18 United States Code, Section 152(3) ;

d.    knowingly and fraudulently receive material amounts of property of Sukamto Sia after the filing of <u>IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO</u>, Bankruptcy Court Case No. 98-04912, with the intent to defeat the provisions of Title 11 in violation of Title 18 United States Code, Section 152(5);

e.    knowingly and fraudulently transfer and conceal property of Sukamto Sia in contemplation of bankruptcy and with the intent to defeat the provisions of Title 11 in violation of Title 18 United States Code, Section 152(7);

f.    knowingly and fraudulently conceal, destroy, mutilate, falsify and make false entry in recorded information

2

relating to the property and financial affairs of Sukamto Sia
after the filing of <u>IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO</u>,
Bankruptcy Court Case No. 98-04912 in violation of Title 18
United States Code, Section 152(8);

       g.   knowingly and fraudulently withhold from the
trustee recorded information relating to the property and
financial affairs of Sukamto Sia after the filing of <u>IN RE
SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO</u>, Bankruptcy Court Case No.
98-04912 in violation of Title 18 United States Code, Section
152(9).

<u>Manner and Means</u>

       2.   It was part of the manner and means of the
conspiracy to commit bankruptcy fraud that Defendant SUKAMTO SIA
would retain Jerrold Guben to prepare a bankruptcy petition and
that Defendants SUKAMTO SIA, SUWARDI SUKAMTO, SUMITRO SUKAMTO,
and others would provide him with incomplete and inaccurate
information regarding the assets, financial history, and
corporate affiliations of Sukamto Sia.

       3.   It was part of the manner and means of the
conspiracy to commit bankruptcy fraud that Defendant SUKAMTO SIA
would transfer property of the estate to accounts belonging to
British Virgin Island Holding Companies so as to prevent it from
being recovered by the bankruptcy trustee or the creditors.

       4.   It was part of the manner and means of the
conspiracy that Defendant SUKAMTO SIA would transfer property of
the estate to numbered bank accounts in Swiss Banks so as to

3

prevent it from being recovered by the bankruptcy trustee or the creditors.

5.    It was part of the manner and means of the conspiracy that property of the estate would be transferred to members of Sia's family living outside the United States so as to prevent it from being recovered by the bankruptcy trustee or the creditors.

6.    It was part of the manner and means of the conspiracy that Defendants SUKAMTO SIA, KHEE POW YONG, KELLY RANDALL, and others would open accounts in the names of Sia associates which were actually for the use of SUKAMTO SIA.

7.    It was part of the manner and means of the conspiracy that Defendant KELLY RANDALL would purchase assets in her name for the use of herself and Defendant SUKAMTO SIA with the proceeds of unlawful activities.

<u>Overt Acts</u>

In furtherance of the conspiracy, the Defendants committed the following overt acts in the District of Hawaii and elsewhere:

8.    In or around December 1997, Defendant SUKAMTO SIA caused the transfer of over $7 million in proceeds from the sale of a Gulfstream Jet (Gulfstream IV No. 1001) to accounts belonging to British Virgin Island Holding Companies.

9.    In or around December 1998, Defendant SUKAMTO SIA signed a false "Schedules" and a false "Statement of Financial

Affairs" which were then filed with the Bankruptcy Court in Hawaii.

      10.  On or about December 17, 1998, a member of the conspiracy emptied a safe deposit box at the Bank of Honolulu which had been held in the names Sukamto Sia and "A.T."

      11.  In or around January 1999, Defendant SUKAMTO SIA signed a false "Schedules" and a false "Statement of Financial Affairs" which were then filed with the Bankruptcy Court in Hawaii.

      12.  On or about July 1, 1999, Defendant SUKAMTO SIA lied at a 341 creditors hearing about whether a refund was owed for a $2 million deposit placed on a Gulfstream jet by Arton (Bermuda) Ltd.

      13.  On or about December 12, 1999, Defendant SUKAMTO SIA deposited a $288,910.64 state tax refund check for the year 1991, which was property of the estate, in First American Bank Account #0411500408.

      14.  On or about March 20, 2000, Defendant SUKAMTO SIA deposited a $468,338.46 state tax refund check for the year 1996, which was property of the estate, in First American Bank Account #0411500408.

      15.  In or around April 2000, Defendant SUKAMTO SIA signed a false Second Amended Schedules and a false Statement of Financial Affairs which was then filed with the Bankruptcy Court.

      16.  On or about May 12, 2000, Defendant JOHANNES SJAH caused Arton Bermuda Limited to be incorporated in the British

Virgin Island for the purpose of receiving a $2 million refund of the deposit on a Gulfstream jet which was owed to Arton (Bermuda) Ltd., a Bermuda company.

17.  On or about August 30, 2000, at a continued Meeting of Creditors, Defendant SUKAMTO SIA lied about the details of a $325,000 purchase of jewelry from Fine Diamonds International describing it as jewelry which he purchased for and sent to his mother in Singapore when he knew that he had purchased a $325,000 pair of earrings for his girlfriend, KELLY RANDALL.

All in violation of Title 18, United States Code, Section 371.

### Count 2 (Bankruptcy Fraud)

The Grand Jury further charges:

18.  From on or about December 15, 1997 through on or about December 17, 1997, in the District of Hawaii, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, knowingly and fraudulently in contemplation of bankruptcy case under Title 11 of the United States Code by Sukamto Sia, specifically the case entitled IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO, Case No. 98-04912, filed on November 6, 1998, and with the intent to defeat the provisions of Title 11, knowingly and fraudulently transferred an amount in excess of $7 million of the proceeds of the sale of a Gulfstream jet (Gulfstream IV No. 1001) owned by the Defendant to entities he controlled.

All in violation of Title 18, United States Code, Section 152(7).

### Count 3 (Bankruptcy Fraud)

The Grand Jury further charges:

19.    On or about December 12, 1999, in the District of Hawaii and elsewhere, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, did knowingly and fraudulently conceal property belonging to the estate, in and in relation to a case under Title 11, IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO, Bankruptcy Court Case No. 98-04912, specifically a state tax refund check for $288,910.64 from the trustee charged with control of the debtor's property and from the creditors and the United States trustee.

All in violation of Title 18, United States Code, Section 152(1).

### Count 4 (Bankruptcy Fraud)

The Grand Jury further charges:

20.    On or about March 20, 2000, in the District of Hawaii and elsewhere, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, did knowingly and fraudulently conceal property belonging to the estate, in and in relation to a case under Title 11, IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO, Bankruptcy Court Case No. 98-04912, specifically a state tax refund check for $468,338.46 from the trustee charged with control of the debtor's property and from the creditors and the United States trustee.

All in violation of Title 18, United States Code, Section 152(1).

Count 5 (Bankruptcy Fraud)

The Grand Jury further charges:

21.  On or about December 10, 1998, in the District of Hawaii, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, knowingly and fraudulently made false declaration, certificates, and statements under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO, Bankruptcy Court Case No. 98-04912, by submitting a Schedule of Affairs in which he:

    1)    fraudulently omitted to disclose payments to insiders including his mother Janty Thema; his brother Suwardi Sukamto, and his wife Indriati Latief;

    2)    fraudulently omitted to disclose transfers outside the ordinary course of business to unnamed numbered accounts, British Virgin Island Holding Companies, to Kelly Taki Randall and to Patricia Dulay;

    3)    fraudulently omitted to disclose accounts at Bear Stearns, and Citibank;

    4)    fraudulently omitted to disclose affiliations with Arton (Bermuda) Ltd. and Elevate Holdings; and

    5)    fraudulently failed to disclose income consisting of interest payments received from Putera Sampoerna.

All in violation of Title 18, United States Code, Section 152(3).

Count 6 (Bankruptcy Fraud)

The Grand Jury further charges:

22.  On or about January 20, 1999, in the District of Hawaii, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, knowingly and fraudulently made false declaration, certificates,

8

and statements under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, <u>IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO</u>, Bankruptcy Court Case No. 98-04912, by submitting a set of First Amended Schedule of Affairs in which he:

1)  fraudulently omitted to disclose payments to insiders including his mother Janty Thema; his brother Suwardi Sukamto, and his wife Indriati Latief;

2)  fraudulently omitted to disclose transfers outside the ordinary course of business to unnamed numbered accounts, British Virgin Island Holding Companies, to Kelly Taki Randall and to Patricia Dulay;

3)  fraudulently omitted to disclose accounts at Bear Stearns, and Citibank;

4)  fraudulently omitted to disclose affiliations with Arton (Bermuda) Ltd. and Elevate Holdings; and

5)  fraudulently failed to disclose income consisting of interest payments received from Putera Sampoerna.

All in violation of Title 18, United States Code, Section 152(3).

<u>Count 7 (Bankruptcy Fraud)</u>

The Grand Jury further charges:

23.  On or about April 3, 2000, in the District of Hawaii, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, knowingly and fraudulently made false declaration, certificates, and statements under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, <u>IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO</u>, Bankruptcy Court Case No. 98-04912, by submitting a set of First Amended Schedule of Affairs in which he:

1) falsely stated that payments made to insiders were for "household expenses;

2) fraudulently omitted to disclose transfers outside the ordinary course of business to unnamed numbered accounts, British Virgin Island Holding Companies, to Kelly Taki Randall and to Patricia Dulay;

3) fraudulently omitted to disclose accounts at Bear Stearns, and Citibank;

4) fraudulently omitted to disclose affiliations with Arton (Bermuda) Ltd. and Elevate Holdings;

5) fraudulently failed to disclose income consisting of interest payments received from Putera Sampoerna; and

6) falsely stated with respect to the sale of a Gulfstream G-IV jet that "All proceeds of sale transferred by Gulfstream directly to Finova Capital Financing.

All in violation of Title 18, United States Code, Section 152(3).

### Count 8 (Bankruptcy Fraud)

The Grand Jury further charges:

24.  On or about August 30, 2000, in the District of Hawaii, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, knowingly and fraudulently made a false material statement under penalty of perjury, in and in relation to a case under Title 11, IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO, Bankruptcy Court Case No. 98-04912, in that he represented in a Meeting of Creditors that a cashier's check for $325,000 payable to Fine Diamonds International was used to buy jewelry for his mother in Singapore.  In fact, as the Defendant well knew, the check was used to buy earrings for his girlfriend, KELLY RANDALL.

All in violation of Title 18, United States Code, Section 152(2).

10

## Count 9 (Bankruptcy Fraud)

The Grand Jury further charges:

25.   In or around May 2000, the Defendant, KELLY RANDALL, with the intent to defeat the provisions of Title 11, knowingly and fraudulently received a material amount of property from Sukamto Sia who was then a debtor in IN RE SUKAMTO SIA, F/K/A SUKARMAN SUKAMTO, Bankruptcy Court Case No. 98-04912, that is a pair of earrings which had been purchased with $325,000 in funds that were the property of the bankruptcy estate.

In violation of Title 18, United States Code, Section 152(5).

## Counts 10-11 WIRE FRAUD

The Grand Jury further charges:

### The Scheme

26.   Beginning at least as early as October 1997 and continuing through August 1998, in the District of Hawaii and elsewhere, the Defendants, SUKAMTO SIA, aka Sukarman Sukamto, SUWARDI SUKAMTO, and SUMITRO SUKAMTO devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises as more fully set forth below.

27.   It was part of the scheme to defraud that Defendants SUKAMTO SIA and SUWARDI SUKAMTO would advise the Board of the Bank of Honolulu that the share certificates representing SIA's shares of Bank of Honolulu stock amounting to approximately 97% of the Bank's Stock had been misplaced and would cause the

11

Bank to issue replacement share certificates.  In fact, the share certificates had not been misplaced, but had been delivered to Societe Generale in connection with a security agreement.  As part of that agreement, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, had agreed not to sell, assign, transfer, convey, deliver, mortgage, or pledge in any manner his shares of Bank of Honolulu stock.

28.  It was part of the scheme to defraud that the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, in connection with a November 19, 1997 Credit Facility Agreement with Commerzbank relating to $50 million in loans, represented to Commerzbank that the Bank of Honolulu had authorized capital of 160,000 shares of which 158,264 shares were outstanding.  He  pledged 7,946 shares of the Bank of Honolulu common stock as collateral for a a Security Agreement which he stated represented 5.03% of all of the bank's stock.  SIA further stated that he was the sole, unconditional, absolute, and lawful registered owner and beneficial holder of another 150,000 shares which he pledged not to sell, assign, transfer, convey, deliver, mortgage, or pledge in any manner.

29.  It was part of the scheme to defraud that SIA would fail to disclose to Commerzbank the share certificates were duplicate shares which had been issued by the Board of the Bank of Honolulu to replace certificates which the Board had been advised had been misplaced by SIA.  SIA also failed to disclose to Commerzbank that the original share certificates had been

delivered to Societe General in connection with a security agreement that he had entered into with Societe General. SIA further failed to disclose that in that security agreement he had agreed not to sell, assign, transfer, convey, deliver, mortgage, or pledge in any manner his shares of Bank of Honolulu stock.

<u>Count 10</u>

The Grand Jury further charges:

30. For the purpose of executing the scheme and artifice to defraud set forth in paragraphs 24 through 27 and for obtaining money by false and fraudulent pretenses, representations, and promises, in the District of Hawaii, the Defendants, SUKAMTO SIA, aka Sukarman Sukamto, SUWARDI SUKAMTO, and SUMITRO SUKAMTO did transmit and cause the transmissions by wire in interstate and foreign commerce of an October 31, 1997 letter and accompanying documents from SUMITRO SUKAMTO to Commerzbank.

In violation of Title 18, United States Code, Section 1343.

<u>Count 11</u>

The Grand Jury further charges:

31. For the purpose of executing the scheme and artifice to defraud set forth in paragraphs 24 through 27 and for obtaining money by false and fraudulent pretenses, representations, and promises, in the District of Hawaii, the Defendants, SUKAMTO SIA, aka Sukarman Sukamto, SUWARDI SUKAMTO, and SUMITRO SUKAMTO did transmit and cause the transmissions by

wire in interstate and foreign commerce of a December 1, 1997
transmission of financial information regarding SUKAMTO SIA.

In violation of Title 18, United States Code, Section
1343.

### Counts 12-15 BANK FRAUD

The Grand Jury further charges:

### The Scheme

32.  From in or about January 1997, and ending on or
about February 2000, Defendants, SUKAMTO SIA, aka Sukarman
Sukamto and SUWARDI SUKAMTO, devised a scheme and artifice to
defraud the Bank of Honolulu, an institution insured by the FDIC,
and to obtain moneys and funds owned by and under the custody and
control of the Bank of Honolulu by means of false or fraudulent
pretenses, representations, and promises.

33.  It was part of the scheme and artifice that the
Defendants obtained loan proceeds for Sia and companies
affiliated with Sia through four $1.5 million loans made to
nominee borrowers:  "P.S.," "J.K.," "S.T.," and "S.E.C."

34.  It was part of the scheme and artifice that the
Defendants caused $1.3 million of these loan proceeds to be wired
to Fraser Securities for credit to Elevate Holding which then
immediately wired the money to a Citibank credit account
belonging to Defendant SUKAMTO SIA, aka Sukarman Sukamto.

14

## Count 12

The Grand Jury further charges:

35.   On or about May 6, 1997, in the District of Hawaii, Defendants SUKAMTO SIA, aka Sukarman Sukamto and SUWARDI SUKAMTO, executed the scheme and artifice as set forth above, in that the Defendant had $1.5 million in loan proceeds placed into an account in the name of "P.S." at the Bank of Honolulu.

In violation of Title 18, United States Code, Section 1344.

## Count 13

The Grand Jury further charges:

36.   On or about January 24, 1997, in the District of Hawaii, Defendants SUKAMTO SIA, aka Sukarman Sukamto and SUWARDI SUKAMTO, executed the scheme and artifice as set forth above, in that the Defendant had $1.5 million in loan proceeds placed into an account in the name of "J.K." at the Bank of Honolulu.

In violation of Title 18, United States Code, Section 1344.

## Count 14

The Grand Jury further charges:

37.   On or about January 21, 1997, in the District of Hawaii, Defendants, SUKAMTO SIA, aka Sukarman Sukamto and SUWARDI SUKAMTO, executed the scheme and artifice as set forth above, in that the defendant had $1.5 million in loan proceeds placed into an account in the name of "S.T." at the Bank of Honolulu.

In violation of Title 18, United States Code, Section 1344.

Count 15

The Grand Jury further charges:

38. On or about January 21, 1997, in the District of Hawaii, the Defendants, SUKAMTO SIA, aka Sukarman Sukamto and SUWARDI SUKAMTO, executed the scheme and artifice as set forth above, in that the Defendant had $1.5 million in loan proceeds placed into an account in the name of "S.E.C." at the Bank of Honolulu.

In violation of Title 18, United States Code, Section 1344.

Count 16 (Money Laundering Conspiracy)

The Grand Jury further charges:

The Scheme

39. From in or around November 1999 to the present, in the District of Hawaii, Defendants SUKAMTO SIA, aka Sukarman Sukamto, SUWARDI SUKAMTO, KHEE POW YONG, KELLY RANDALL, and JOHANNES SJAH did knowingly and intentionally combine, confederate, and agree together and with various other persons known and unknown to the Grand Jury to:

a. conduct and attempt to conduct financial transactions with property that was the proceeds of bankruptcy fraud, bank fraud and wire fraud, knowing that the property represented the proceeds of some form of unlawful activity, while

acting with the intent to promote bankruptcy fraud, in violation
of Title 18, United States Code, Section 1956(a)(1)(A)(i);

   b. conduct and attempt to conduct financial
transactions with property that was the proceeds of bankruptcy
fraud, bank fraud and wire fraud, with the knowledge that the
transaction is designed in whole and in part to disguise the
nature, location, source, ownership, and control of the proceeds
of the specified unlawful activities, in violation of Title 18,
United States Code, Section 1956(a)(1)(B)(i);

   c. conduct and attempt to conduct financial
transactions with property that was the proceeds of bankruptcy
fraud, bank fraud, and wire fraud, with the knowledge that the
transaction is designed in whole and in part to avoid a
transaction reporting requirement under state and federal law, in
violation of Title 18, United States Code, Section
1956(a)(1)(B)(ii);

   d. transmit and transfer funds from in the
United States to places outside the United States with the intent
to promote the carrying on of specific unlawful activity, that
is, wire fraud, bank fraud, and bankruptcy fraud, in violation of
Title 18, United States Code, Section 1956(a)(2)(A);

   e. knowingly engage and attempt to engage in a
monetary transaction by through or to a financial institution,
affecting interstate or foreign commerce, in criminally derived
property of a value greater than $10,000, such property having
been derived from specified unlawful activities, namely wire

fraud, bank fraud, and bankruptcy fraud, in violation of Title
18, United States Code, Section 1957.

Manner and Means

40.　It was part of the manner and means of the
conspiracy that the Defendants, SUKAMTO SIA, aka Sukarman
Sukamto, KELLY RANDALL, KHEE POW YONG, and others would set up
accounts in the names of Khee Pow Yong, "K.L.C.," and others to
allow Defendant SUKAMTO SIA to spend the proceeds of the bank
fraud, wire fraud, and bankruptcy fraud without appearing to use
his own funds.

41.　It was part of the manner and means of the
conspiracy that Defendant JOHANNES SJAH would set up a British
Virgin Island Holding Company named Indobridge Investments so
that a $4.6 million house in Bel Air, California could be
purchased for Sia's use with funds that were the proceeds of
specified unlawful activities.

42.　It was part of the manner and means of the
conspiracy that Defendant KELLY RANDALL would purchase assets in
her name for the use of herself and Defendant SUKAMTO SIA with
the proceeds of unlawful activities.

43.　It was part of the manner and means of the
conspiracy that a British Virgin Island Holding Company would be
set up in the name Arton Bermuda Limited to receive a $2 million
refund of the deposit on a Gulfstream jet.　This deposit had been
paid to Gulfstream by Arton (Bermuda) Ltd. a company that had

18

been dissolved by the Bermuda authorities as of the time that Arton Bermuda Limited was formed.

44.  It was part of the manner and means of the conspiracy that funds belonging to Defendant SUKAMTO SIA and entities he controlled would be transferred to bank accounts in Singapore to prevent the bankruptcy trustee and others from being able to track the ultimate disposition of the funds.

<u>Overt Acts</u>

In furtherance of the Conspiracy the Defendants committed the following Overt Acts in the District of Hawaii and elsewhere:

45.  On or about April 19, 1999, Defendants SUKAMTO SIA and KHEE POW YONG opened an account in the name Khee Pow Yong at the United Pacific Bank.  Although opened in the name Khee Pow Yong, this account was opened for the use of Defendant SUKAMTO SIA.

46.  On or about April 21, 1999, Defendants SUKAMTO SIA and KHEE POW YONG opened an account in the name Khee Pow Yong at the First American Bank in California.  Although opened in the name Khee Pow Yong, this account was opened for the use of Defendant SUKAMTO SIA.

47.  On or about May 25, 1999, Defendant JOHANNES SJAH caused Indobridge Investments to be incorporated in the British Virgin Islands.  This company was formed to buy a $4.6 million house in Bel Air, California for the use of Defendants SUKAMTO SIA and KELLY RANDALL.

19

48.   On or about December 29, 1999, Defendant SUKAMTO SIA and other members of the conspiracy caused $300,000 to be wired into an account in the name of Belco, Inc., which is the parent company of the Bellagio Casino.

49.   On or about January 25, 2000, Defendant SUKAMTO SIA had a cashier's check issued to KELLY TAKI RANDALL in the amount of $100,000.

50.   On or about May 12, 2000, Defendant JOHANNES SJAH caused Arton Bermuda Limited to be incorporated in the British Virgin Island for the purpose of receiving a $2 million refund of the deposit on a Gulfstream jet which was owed to Arton (Bermuda) Ltd., a Bermuda company.

51.   In or around May 2000, a member of the conspiracy opened an account at UBS Singapore in the name Arton Bermuda Limited for the purpose of receiving the $2 million refund from Gulfstream.

52.   On or about May 24, 2000, Defendant SUKAMTO SIA caused a cashier's check for $325,000 to be issued to Fine Diamonds International.  This check was used to buy a pair of earrings for Defendant KELLY RANDALL.

53.   On or about May 25, 2000, a member of the conspiracy caused Gulfstream to wire $2 million to the Arton Bermuda Limited account at UBS Singapore.

54.   On or about May 30, 2000, Defendants SUKAMTO SIA and KELLY RANDALL opened an account in the name "K.L.C." at the First American Bank in California.  Although opened in the name

20

"K.L.C.," this account was opened for the use of Defendant SUKAMTO SIA.

55.  On or about June 16, 2000, a member of the conspiracy caused an account in the name "K.L.C." to be opened at the United Pacific Bank.  Although opened in the name "K.L.C.," this account was opened for the use of Defendant SUKAMTO SIA.

All in violation of Title 18, United States Code, Section 1956(h).

### Count 17 (Money Laundering-1957)

The Grand Jury further charges:

56.  On or about December 29, 1999, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property properly belonged to the bankruptcy trustee in the District of Hawaii, that is wiring funds to an account in the name of Belco, Inc., which is the parent company of the Bellagio Casino, in the amount of $300,000 such property having been derived from a specified unlawful activity, that is bankruptcy fraud.

In violation of Title 18, United States Codes, Sections 1957 and 2.

21

Count 18 (Money Laundering-1957)

The Grand Jury further charges:

57.  On or about January 25, 2000, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property properly belonged to the bankruptcy trustee in the District of Hawaii, that is having a cashier's check issued to KELLY TAKI RANDALL in the amount of $100,000 such property having been derived from a specified unlawful activity, that is bankruptcy fraud.

In violation of Title 18, United States Codes, Sections 1957 and 2.

Count 19  (Money Laundering 1957)

The Grand Jury further charges:

58.  On or about May 24, 2000, the Defendant, SUKAMTO SIA, aka Sukarman Sukamto, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property properly belonged to the bankruptcy trustee in the District of Hawaii, that is, having a cashier's check issued to Fine Diamonds International in the amount of $325,000, such property having been derived from a specified unlawful activity, that is bankruptcy fraud.

22

In violation of Title 18, United States Codes, Sections 1957 and 2.

### Count 20  (False Entry in Bank Records)

The Grand Jury further charges:

59. On or about April 21, 1999, Defendants SUKAMTO SIA and KELLY RANDALL knowingly made a false entry into the books, reports, and statements of the First American Bank, an insured bank, with the intent to defraud the bankruptcy trustee in the District of Hawaii and to deceive the officers of the bank, the Federal Deposit Insurance Corporation, and the agents and examiners appointed to examine the affairs of the First American Bank in that they caused a signature card to be placed among the records of the bank which appeared to be filled out and signed by "K.L.C." when in truth and in fact, as the Defendants well knew, the signature card was filled out and signed by SUKAMTO SIA.

All in violation of Title 18, United States Code, Section 1005.

### Count 21

The Grand Jury further charges:

56. As a result of the offenses alleged in Counts 16, 17, 18, and 19 of this Second Superseding Indictment, Defendants SUKAMTO SIA, SUWARDI SUKAMTO, KHEE POW YONG, KELLY RANDALL, and JOHANNES SJAH shall forfeit to the United States pursuant to Title 18, United States Code, Section 982 all property, real and personal, involved in those offenses, and all property traceable to such property including but not limited to the following:

23

     a.   1290 Moraga Drive, Los Angeles, California 90049, Parcel No. 4368002021, owned by Indobridge Investments, a British Virgin Island Holding Company that is an alter ego for Defendant SUKAMTO SIA at which is valued at approximately $4.6 million;

     b.   2173 Stradella Road, Los Angeles, California 90077 Parcel No. 4377028022 owned by Defendant KELLY RANDALL which is valued at approximately $1.475 million;

     c.   $2 million paid by Gulfstream to Arton Bermuda Limited;

     d.   January 25, 2000 cashier's check issued by the First American Bank to KELLY TAKI RANDALL in the amount of $100,000;

     e.   one $325,000 pair of earrings containing one 4.22 carat diamond and one 4.35 carat diamond sold to KELLY RANDALL by Fine Diamonds International;

     f.   $300,000 wired from the First American Bank to the Belco, Inc. on December 29, 1999;

     g.   2000 Black Bentley Arnage Automobile, VIN number SCBLC31E8YCX04878 titled to KELLY RANDALL purchased for $197,600; and

     h.   $73,573.61 which was paid to SUKAMTO SIA by the First American Bank on August 29, 2000 to close out his account.

     57.  As a result of the offenses alleged in Counts 12 through 15, Defendants SUKAMTO SIA, SUWARDI SUKAMTO, and SUMITRO

SUKAMTO shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A) all property constituting or derived from, proceeds the Defendants obtained directly or indirectly as the result of the violations alleged in those counts including, but not limited to, the following property:

a.   $1.5 million in loan proceeds from the "P.S." loan as described in Count 12 above;

b.   $1.5 million in loan proceeds from the "J.S." loan as described in Count 13 above;

c.   $1.5 million in loan proceeds from the "S.T." loan as described as described in Count 14 above; and

d.   $1.5 million in loan proceeds from the "S.E.C." loan as described in Count 15 above.

58.   If any of the above-described forfeitable property set forth in paragraphs 56 and 57 as a result of any act or omission of the Defendants --

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third person;

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any

other property of the Defendants up to $15,071,174.61 which is the value of the above-described forfeitable property.

All in violation of Title 18, United States Code, Section 982.

DATED: May 16, 2001, at Honolulu, Hawaii.

A TRUE BILL

/s/

FOREPERSON, GRAND JURY

ELLIOT ENOKI
United States Attorney
District of Hawaii

OMER G. POIRIER
Assistant U.S. Attorney

UNITED STATES V. SUKAMTO SIA, ET AL.
Cr. NO. 00-00350 DAE
"Second Superseding Indictment"

26